IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
February 2, 2004 Session

## DANNY R. BLALOCK v. CAROLYN S. BLALOCK

**Appeal from the Circuit Court for Sevier County**
**No. 2001-458-III     Rex Henry Ogle, Judge**

_____

**No. E2003-01151-COA-R3-CV Filed March 24, 2004**

_____

**OPINION DENYING PETITION FOR REHEARING**

WILLIAM H. INMAN, SR. J., delivered the opinion of the court, in which HERSCHEL P. FRANKS and D. MICHAEL SWINEY, J.J., joined.


These parties jointly owned a rental property.  A "settlement agreement" was entered into which provided that Husband would purchase Wife's interest for $500,000.00 payable within one year, the payment to be secured by a deed of trust.  If the purchase price was not paid "in full in one year" the "property shall immediately be placed at absolute auction and the parties will equally divide the proceeds after all expenses and indebtedness."

We held that the buy-and-sell provision of the contract was never activated; that Husband did not purchase the property; that Wife never tendered an instrument of conveyance; and that no deed of trust was executed.  We held that the parties agreed upon a different disposition of the property, *i.e.*, a sale at auction to the highest bidder, with the net proceeds to be divided.

The property was sold at auction for $764,500.00.  The net proceed of $244,429.00 were awarded to Wife together with a judgment against Husband for $255,571.00 representing the difference between the net proceeds and $500,000.00.  We vacated the judgment and ordered that the net proceeds from the auction sale be divided equally.

Wife has filed a petition to rehear complaining that the net proceeds should not be equally divided because "*were an evidentiary hearing to have been held*, Wife would have developed proof that she contributed $198,000.00 for the initial purchase [of the motel]."  Wife further alleges that because the "settlement agreement" was unambiguous and adequately resolved all property issues no evidence was offered respecting an equitable division of marital assets.

Rule 39(a)(4), Tenn. R. App. P. provides that a petition to rehear may be granted where the court's opinion relies upon matters of fact or law upon which the parties have not been heard and

that are open to reasonable dispute. Wife asserts that there is "no proof in the record whatsoever to support any division, let alone an equal one, of said monies." We are constrained to disagree in light of the parties' agreement that "[i]n the event the $500,000.00 is not paid in full in one year the property shall immediately be placed at absolute auction *and the parties will equally divide the proceeds* after all expenses and indebtedness."

The petition to rehear is denied at the costs of the appellee.

_____
WILLIAM H. INMAN, SENIOR JUDGE


_____
HERSCHEL P. FRANKS, JUDGE


_____
D. MICHAEL SWINEY, JUDGE